IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CURTIS LEE WATERS,

    Plaintiff,

v.

VIRGINIA MEAGHAN SAVARY;
RAYMOND GOSS; SUPERVISOR TONY;
KELLEY BARBER; TYLER DAVIS;
CARISSA PONTENG; SHANE PALLESEN;
SAMUEL CLANDE; CHARLES MICKLEY;
and EDGAR MARTINEZ,

    Defendants.

Case No. 3:17-cv-02042-YY

ORDER TO DISMISS

MOSMAN, Judge.

    Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983. By Order entered this date, the Court granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, the Court DISMISSES Plaintiff's Complaint.

1 - ORDER TO DISMISS -

## BACKGROUND

Plaintiff alleges Defendants violated Plaintiff's free speech and due process rights under the First, Fourth, and Fourteenth Amendments. Plaintiff's claims appear to arise from actions taken by employees of the state Children's Protective Services agency. Plaintiff's Complaint is largely incomprehensible. By way of facts in support of his claim, Plaintiff alleges the following:

> Carissa Ponteng - Search & Seizure. Talking to our kids without permission . . . . Virginia Savary know lied to get a order "perjury" she violate direct [illegible], search seizure. Broke our family up an kept interest to her. . . . "Coercion" violates 1st Am Right etc. Defamation of character, Raymond Goss knows the truth, but won't go to head people tell truth. Samuel Clande due process keeping my daughter Peris in foster placement when she can be with family. Shane Pallessen violated my due process rights because he removed my daughters from my house in Oct. 2016 and didn't get hearing until June 2017 8 month later when the have 24 hr to give hearing violate Due Process. Tyler Davis - Due Process - withhold key evidence to cause [illegible] to get fired.[1]

By way of remedy, Plaintiff seeks money damages, public and written letters of apology, and to have the Defendants reprimanded or fired.

## STANDARDS

When a Court grants a Plaintiff leave to proceed *in forma pauperis*, the Court shall dismiss the case at any time if the Court determines that:

> (B)  the action . . .
>
>   (i) is frivolous or malicious;
>
>   (ii) fails to state a claim on which relief may be granted; or
>
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[1] Incomplete case citations contained in the statement are omitted.

2 - ORDER TO DISMISS -

28 U.S.C. § 1915(e)(2).

## DISCUSSION

### I.     Procedural Deficiency - Failure to Comply with Rule 8

Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8(a) and 8(d). Rule 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) *a short and plain statement of the claim showing that the pleader is entitled to relief*; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." The Court must construe a *pro se* plaintiff's pleadings liberally, but a plaintiff must nonetheless allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they sit. *See, e.g. Brazil v. United States Department of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (complaint must give defendants fair notice of the claims against them).

If a plaintiff fails to clearly and concisely set forth allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is sought against them, the complaint fails to comply with Rule 8. *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantial plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) (per curiam). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even

3 - ORDER TO DISMISS -

if the claims in a complaint are not found to be wholly without merit. *McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673. Plaintiff's Complaint does not comply with Rule 8; it does not allege simply, concisely, and directly the events that entitle Plaintiff to relief in this Court. Accordingly, the Complaint must be dismissed.

## II.     Substantive Deficiencies - Freedom of Speech and Due Process

### A.     Right to Free Speech

The First Amendment provides that, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. Plaintiff has not alleged facts demonstrating that his religious rights, right to freedom of speech, right to petition the government, or any other right under the First Amendment were violated by any of the Defendants. Therefore, Plaintiff fails to state a First Amendment claim.

### B.     Due Process Rights

To the extent Plaintiff purports to allege a federal civil rights claim arising from the violation of his Fourteenth Amendment right to the custody and care of his children, the Supreme Court has recognized that the Fourteenth Amendment's Due Process Clause protects the liberty interest "of parents in the care, custody, and control of their children." *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *see also Santosky v. Kramer*, 455 U.S. 745, 753 (1982) (discussing "the fundamental liberty interest of natural parents in the care, custody, and management of their child"); *Tamas v. Dep't of Soc. & Health Services*, 630 F.3d 833, 842-43 (9th Cir. 2010) (Fourteenth Amendment's Due Process Clause protects the liberty interest of a child in state custody from harm by social workers).

4 - ORDER TO DISMISS -

To violate substantive due process, however, a specific defendant "must act with such deliberate indifference to the liberty interest that their actions 'shock the conscience.'" *Tamas* 630 F.3d 844. Here, Plaintiff does not allege a simple, concise, and direct statement of a claim that any of the named Defendants acted with such deliberate indifference in connection with the custody of Plaintiff's children that their actions "shock the conscience." As such, Plaintiff fails to state a claim of due process violations upon which relief may be granted under 42 U.S.C. § 1983.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint is DISMISSED. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this 7th day of January, 2018.

Michael W. Mosman
United States Chief District Judge